UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KINISKY MESADIEU,

    Plaintiff,

v.

JOHN C. WATERS, VICTOR LAMAR
JOHNSON, FLORENCE LOUISSANT,
POLK COUNTY CLERK OF COURT, and
FLORIDA DEPARTMENT OF REVENUE
AGENT,

    Defendants.

Case No.: 8:25-cv-01654-JLB-TGW

_____/

**ORDER**

Plaintiff Kinisky Mesadieu, appearing *pro se*, seeks to challenge decisions made by Florida Circuit Judge Waters in Plaintiff's Polk County Family Court case. (*See generally* Doc. 1). Plaintiff filed his Complaint on June 26, 2025, asking this Court to award a temporary restraining order "halting all child support [and] custody proceedings" and injunctive relief removing Judge Waters from Plaintiff's state court case. (*See id.*). Plaintiff filed a separate Emergency Motion for Temporary Restraining Order ("TRO") the same day. (Doc. 3). Given Plaintiff's *pro se* status, the Court construes his motion liberally; however, he must still comply with procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir.2002) (explaining that, although courts give liberal construction to the pleadings of *pro se* litigants, the Eleventh Circuit "nevertheless ha[s] required them to conform to

1

procedural rules."). The Court finds that Plaintiff's TRO fails to comply with Federal Rule of Civil Procedure 65 and the Local Rules for the Middle District of Florida.

Under Federal Rule of Civil Procedure 65(b), Plaintiff must show the following for the Court to issue a temporary restraining order:

> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Additionally, the Middle District of Florida's Local Rule 6.01 states that Plaintiff must include a precise and verified description of the conduct and persons subject to restraint, any explanation of the amount and form of the required security, a supporting legal memorandum, and a proposed order. *See* M.D. Fla. R. 6.01. Plaintiff does not satisfy the requirements set forth under Federal Rule of Procedure 65 or the Local Rules. *See* Fed. R. Civ. P. 65(b); M.D. Fla. R. 6.01.

The Court cautions Plaintiff that his claims may be more appropriately addressed by filing an appropriate motion in his Polk County Family Court case and/or in the Florida appellate court charged with reviewing such claims for Polk County state trial court judges, Florida's Sixth District Court of Appeal. *See Casale*

2

*v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (holding that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts). As a general matter, state judges have judicial immunity from suit. Nothing in the allegations suggests that Judge Waters has operated outside of his role as a state circuit judge. *See McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (A judge enjoys "absolute immunity from suit for judicial acts performed within the jurisdiction of his court.")). And Florida law gives Florida state courts *exclusive jurisdictio*n over family law matters. *See* Fla. Stat. §§ 26.012(2)(a), 34.01. Accordingly, Plaintiff's TRO is **DENIED without prejudice**. The Court strongly encourages Plaintiff to pursue his claims by filing an appropriate motion *in his state court case*.

    **ORDERED** in Tampa, Florida on June 26, 2025.

                                              JOHN L. BADALAMENTI
                                              UNITED STATES DISTRICT JUDGE