UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KINISKY MESADIEU,

        Plaintiff,

v.

                                  Case No:  8:25-cv-01654-JLB-TGW

JOHN C. WATERS, et al.,

        Defendants.

_____/

## ORDER

Before the Court are several emergency motions brought by *pro se* Plaintiff Kinisky Mesadieu.  (*See* Docs. 41, 43–45, 68).  On June 26, 2025, Plaintiff filed his Complaint challenging decisions made by Florida Circuit Judge Waters in Plaintiff's Polk County Family Court case.  (*See generally* Doc. 1).  The same day, Plaintiff moved for a temporary restraining order to prevent the family court's orders from taking effect pending a hearing.  (*See generally* Doc. 3).  This Court denied the motion without prejudice for failure to comply with Federal Rule of Civil Procedure 65(b) and the Middle District of Florida's Local Rule 6.01.  (Doc. 11).  In doing so, the Court cautioned Plaintiff that his claims may be more appropriate for state court.  (*Id.* at 2–3).

Now, Plaintiff has filed five more emergency motions seeking similar relief.  (*See* Docs. 41, 43–45, 68).  The Court first addresses Plaintiff's Declaration of Emergency.  (Doc. 41).  Plaintiff does not specify that this is a motion for temporary restraining order or preliminary injunction, but the Court will construe it as such.

Plaintiff requests "federal intervention" because he has been denied contact with his children, who Plaintiff alleges unlawfully reside with their mother and an unrelated male. (*Id.*). This emergency motion fails to comply with Fed. R. Civ. P. 65 and the Local Rules for the Middle District of Florida. Rule 65(b) requires Plaintiff show the following before the Court issues a temporary restraining order:

> (1) *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
>> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>>
>> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Similarly, Rule 65(a)(1) allows a court to issue a preliminary injunction "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Additionally, the Middle District of Florida's Local Rule 6.01 requires that a motion for temporary restraining order include "temporary restraining order" in the title; provide a precise description of the conduct and persons subject to restraint; and provide a precise and verified explanation of the amount and form of security, a supporting legal memorandum, and a proposed order. M.D. Fla. Loc. R. 6.01. Further, any motion for preliminary injunction must include "preliminary injunction" in the title, attach each paper on which the movant relies, and otherwise comply with Local Rules 6.01(a) and (b). M.D. Fla. Loc. R. 6.02. Plaintiff's Declaration of Emergency has not satisfied the requirements set forth under Fed. R.

Civ. P. 65 or Local Rule 6.01 and 6.02.  Therefore, Plaintiff's Declaration of Emergency (Doc. 41) is **DENIED without prejudice**.

Second, Plaintiff has filed a Motion for Emergency Hearing on Custodial Interference (Doc. 43).  Specifically, Plaintiff seeks a hearing in this Court under 42 U.S.C. § 1983 and 28 U.S.C. § 1651 to address custodial issues in his state family court case.  (*See id.* at 1).  Neither statute provides a basis for hearing.  *See* 42 U.S.C. § 1983 (allowing individuals to sue state and local officials for constitutional violations); 28 U.S.C. § 1651 (allowing courts to issue writs when "necessary or appropriate in aid of their respective jurisdictions").  Further, the Motion essentially seeks to have this Court interfere with state court proceedings.  (*See* Doc. 43 at 1) (requesting a hearing "to prevent further harm and establish federal oversight").  "[A]n injunction halting a state court proceeding is inappropriate, 'except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'"  *Burr & Forman v. Blair*, 470 F.3d 1019, 1027 (11th Cir. 2006) (quoting 28 U.S.C. § 2283).  Accordingly, Plaintiff's Motion for Emergency Hearing is **DENIED without prejudice**.

For the same reason, Plaintiff's Motion for Preliminary Injunction Against State Enforcement Orders (Doc. 45) and Petition for Federal Injunction Against State Custody Modification Proceedings (Doc. 68) are **DENIED without prejudice**.  In the former, Plaintiff asks this Court to enjoin the state court's enforcement of custody and child support orders "pending the outcome of this federal proceeding" and alleges that the mother of his children has filed false

allegations in state court and that the state court orders are defective.  (Doc. 45 at 1).  The latter seeks that the state proceedings be enjoined for the same reasons.  (Doc. 68).  These are matters for the state court.  *See Blair*, 470 F.3d at 1027 (holding that a federal court's power to enjoin state court proceedings is severely limited under 28 U.S.C. § 2283).

Last, Plaintiff filed a Petition for Immediate Stay Under 28 U.S.C. § 2283 (Doc. 44).  The Petition requests "to stay all ongoing state custody proceedings[.]" (*Id.* at 1).  This Court does not have the power to do so.  *See In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249–50 (11th Cir. 2006) (quoting 28 U.S.C. § 2283) ("The Anti-Injunction Act directs that a court of the United States may not grant an injunction to stay proceedings in a state court except: (1) 'as expressly authorized by Act of Congress'; (2) 'where necessary in aid of its jurisdiction'; or (3) 'to protect or effectuate its judgments.'")).  Indeed, "proceedings in state court should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately the United States Supreme Court."  *Id.* (citations omitted).  Therefore, Plaintiff's Petition to Stay is **DENIED without prejudice**.

The Court ***again*** cautions Plaintiff that, to seek resolution of these claims, he must file appropriate motions in the Polk County Family Court case and/or seek review of the case with Florida's Sixth District Court of Appeal.  (*See* Doc. 11) (citing *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (holding that federal district courts cannot review state court final judgments because that task is

reserved for state appellate courts). Moreover, Plaintiff is reminded that Florida law gives Florida state courts exclusive jurisdiction over family law matters. *See* Fla. Stat. §§ 26.012(2)(a), 34.01.

The Court strongly advises Plaintiff to not continuously file repetitive or duplicative motions seeking the same relief. If Plaintiff continues to file such repetitive or duplicative motions, the Court will strike the motions as improper. Additionally, "[w]hile the Court typically grants pro se litigants significant leeway with their pleadings, that leniency does not serve as an impenetrable shield, for one acting pro se has no license to . . . clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Foley v. Orange Cnty.*, No. 6:22-CV-456, 2023 WL 5050956, at *3 (M.D. Fla. May 12, 2023) (quotation omitted)).

## CONCLUSION

For the reasons set forth above, it is **ORDERED**:

1. Plaintiff's Declaration of Emergency (Doc. 41) is **DENIED without prejudice**.

2. Plaintiff's Motion for Emergency Hearing on Custodial Interference (Doc. 43) is **DENIED without prejudice**.

3. Plaintiff's Motion for Preliminary Injunction Against State Enforcement Orders (Doc. 45) is **DENIED without prejudice**.

4. Plaintiff's Petition for Federal Injunction Against State Custody Modification Proceedings (Doc. 68) is **DENIED without prejudice**.

5.  Plaintiff's Petition for Immediate Stay Under 28 U.S.C. § 2283 (Doc. 44) is

    **DENIED without prejudice**.

**ORDERED** in Tampa, Florida, on July 7, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE