UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KINISKY MESADIEU,

    Plaintiff,

v.                                              Case No:  8:25-cv-01654-JLB-TGW

JOHN C. WATERS, et al.,

    Defendants.
_____/

## ORDER

The Magistrate Judge has entered a Report and Recommendation, recommending that this case be dismissed with prejudice for Plaintiff's (Kinisky Mesadieu's) failure to state a claim upon which relief can be granted. (Doc. 94). Plaintiff, proceeding *pro se*, timely objected to the recommendation. (Doc. 98). After an independent review of the entire record, the Court finds that the thorough and well-reasoned Report and Recommendation is due to be adopted. Accordingly, Plaintiff's objections are **DENIED**.

A district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

Plaintiff's makes six objections to the Magistrate Judge's recommendation: (1) the Magistrate Judge did not consider "clear violations of constitutional rights;" (2) Judicial immunity cannot shield actions taken without jurisdiction; (3) Plaintiff

has standing to bring his claims and has alleged sufficient facts; (4) Classifying pleadings as miscellaneous violates Plaintiff's due process; (5) Plaintiff has exhausted state remedies "and seeks federal protection;" and (6) denying a hearing violates Plaintiff's "right to redress." (Doc. 98 at 1–2).

Plaintiff's Complaint suffers from several fatal deficiencies. He brings the Complaint against five defendants, alleging mishandling of a child custody case in a state family court proceeding. (*See* Doc. 1). Specifically, Plaintiff alleges that Tenth Circuit Court Judge John C. Waters has "refused to enforce default" against the mother of his children and that Plaintiff "has been denied access to his children without lawful cause." (*See id.* at 2–3). As a result, Plaintiff alleges he suffered a multitude of violations, including violations of the First and Fourteenth Amendments and Civil Conspiracy Under Color of Law. (*Id.* at 3). In his prayer for relief, Plaintiff asks this Court to issue a declaratory judgment against Defendants, a temporary restraining order "halting all child support/custody proceedings," a writ of habeas corpus to return his children, and to remove Judge Waters from the family court case. (*Id.* at 4).

First, Plaintiff's Complaint is an impermissible shotgun pleading. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings."). Plaintiff provides no supporting facts for his claims; instead, he lists them numerically under a catch-all "Claims for Relief" header. (*Id.* at 3); Fed. R. Civ. P. 8(a)(2) (requiring a pleadings to contain "a short

and plain statement of the claim showing that the pleader is entitled to relief"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.") (cleaned up)). Further, Plaintiff's Complaint does not comply with Federal Rule of Civil Procedure 10(b) because it does not delineate the causes of action against each defendant into separate counts with supporting facts. (*See* Doc. 1); *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) (explaining that "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" is a shotgun pleading) (citation omitted).

Second, and most importantly, federal courts do not have jurisdiction to review family court proceedings in state court—that is left to the state appellate courts. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) ("[F]ederal district courts cannot review state court final judgments because that task is reserved for state appellate courts[.]"). Indeed, Florida law gives Florida state courts exclusive jurisdiction over family law matters. *See* Fla. Stat. Fla. Stat. §§ 26.012(2)(a), 34.01. Despite repeatedly informing Plaintiff that it cannot review a state court family matter, he has continued to file over 80 documents with the Court. (*See* Doc. 11 at 2–3; Doc. 13 at 1–2; Doc. 69 at 4–5). For the same reasons that this Court cannot review the state family court matters, it cannot remove a state judge from the case. Stated again, **this Court cannot review a state court family proceeding**.

3

For these reasons, the Court agrees with the Magistrate Judge's finding that Plaintiff's Complaint must be dismissed with prejudice because any amendment would be futile where the claims and relief sought relate to a state court child custody proceeding over which a federal district court has no power. (Doc. 94 at 5); *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) ("A *pro se* plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice" only "where a more carefully drafted complaint might state a claim") (quotation omitted) (cleaned up)).

## CONCLUSION

Accordingly, it is **ORDERED**:

(1) The Report and Recommendation (Doc. 94) is **ADOPTED** and made a part of this Order for all purposes.

(2) Plaintiff's Objection to the Report and Recommendation (Doc. 98) is **DENIED**.

(3) Plaintiff's Complaint (Doc. 1) is **DISMISSED with prejudice**.

(4) The Clerk of Court is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**ORDERED** in Tampa, Florida, on September 9, 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE